May Term,
1861.

HARSON
v.
PIKE.

HARSON v. PIKE.

The offer of a reward, or compensation, for the performance of any service is a conditional promise; and if any one coming within the terms of the offer, and before its revocation, performs the service, a legal and binding contract arises to pay the reward.

Until the performance of the service, the offer of the reward is a proposal, merely, and not a contract, and may be revoked at pleasure.

It is not necessary that notice should be given to the party offering the reward, that his proposal is being acted upon.

*Thursday,*
*May 30.*

APPEAL from the *Laporte* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, brought an action against *Pike*, alleging in his complaint that the defendant, in *April*, 1855, caused to be published an advertisement, a copy of which is thus set forth in the record:

"Two hundred dollars reward for a buyer of my farm at five dollar per acre; a mile square; the best in the State for a mill seat; and water, wood, pasture, meadow, vegetables, fruit and grain, sufficient for a large family, and one hundred head of cattle. Twelve miles south of *Laporte*, in *Noble* township, *Laporte* county, *Indiana*." "MOSES H. PIKE."

It is averred that the plaintiff, confiding in this promise, did, in *June*, 1855, procure a purchaser for the above farm; and that defendant actually sold said farm to the person so procured by the plaintiff upon the terms, and for the price, mentioned in the advertisement, and thereby became liable to plaintiff for the $200 therein stated, &c.

Defendant's answer contains two paragraphs: 1. That he is not indebted to the plaintiff, as alleged in the complaint. 2. That he never caused to be published an advertisement as therein alleged; that the plaintiff never procured a purchaser of defendant's farm, nor did he ever sell his farm to a purchaser procured by the plaintiff. There was a verdict for the defendant. New trial refused, and judgment, &c.

The record, though it does not profess to contain all the evidence, sets forth so much of it as was deemed sufficient to explain certain exceptions taken by the plaintiff to rulings of

the Court. The evidence set forth proved these facts: "De- May Term,
fendant posted up advertisements offering the reward as stated   1861.
in the complaint. An advertisement containing such offer   Harson
came to the knowledge of the plaintiff, who, on the strength   v.
of it, and with the hope of obtaining such reward, called the   Pike.
attention of one *Joseph Clark* to the defendant's farm and the
price at which it was offered, and caused and procured him to
visit the farm and examine it. During such visit and examin-
ation he, *Clark*, purchased the same farm of the defendant at
the price mentioned in the advertisement, and before the offer
therein noted had been in any wise withdrawn. The plain-
tiff, very soon after *Clark's* purchase, demanded the offered
reward of the defendant, but he refused payment. Defend-
ant, when he sold the farm, had no notice of the plaintiff's
having procured *Clark* to examine and purchase it.

Upon the case thus made, the Court charged the jury:
"That to authorize a recovery it must have been proved that
plaintiff procured *Clark* to buy the farm, and that defendant,
before he sold, was duly notified of that fact." Having ex-
cepted to this charge, the plaintiff moved the following instruc-
tion: "The question as to notice to the defendant is not in
issue by the pleadings." The Court refused so to instruct the
jury, and the plaintiff excepted. The giving of the charge,
and the refusal of the instruction, make the only points noticed
in the appellant's brief. As we have seen, the charge given,
in effect, tells the jury that the plaintiff, having procured
*Clark* to buy the farm, could not recover the reward unless
the defendant, prior to the sale, had notice of such procure-
ment. Was such notice essential, in this case, to a recovery?
Mr. *Story* says: "The offer of a reward or compensation for
the performance of any service, is a case of a conditional
promise; and if any one coming within the terms of the
offer shall, before its revocation, perform the service, a legal
and binding contract arises to pay the reward." Story on
Cont. § 380. The exposition is sustained by various well
considered cases, and seems to be correct. *Freeman* v.
*Boston*, 5 Met. 56 ; *Wentworth* v. *Day*, 3 *id.* 352. We know of
no authority requiring the notice contemplated in the charge
of the Court, nor is the effective purpose of such notice at all

perceivable. If before the offer of a reward "is retracted, one so far complies with it as to perform the labor for which the reward was stipulated, it is the ordinary case of labor done on request, and becomes a contract to pay the stipulated compensation." *Wentworth* v. *Day, supra.* Of course, until the performance, the offer of the reward is a proposal merely, and not a contract, and therefore may be revoked at pleasure. But here the defendant's offer remained unrevoked when he sold his farm to a vendee procured by the plaintiff. This case seems to be within the rule stated in the authorities to which we have referred, and we are therefore inclined to hold the charge given erroneous. It follows, there was error in the refusal of the proposed instruction; because, if notice to the defendant of the procurement, anterior to the sale, was not essential to a recovery, then the question of such notice could not have been legitimately in issue by the pleadings.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*Jno. B. Niles,* for the appellant.

*James Bradley* and *D. J. Woodward,* for the appellee.