———o———

DAWKINS *v.* SAPPINGTON.

REWARD.—VOLUNTARY SERVICE.—Complaint in two paragraphs. The first alleged that the defendant, having had a horse stolen from him, published a hand-bill offering a reward of $50 for the return of the horse, and that thereupon the plaintiff recovered and restored the horse. The second paragraph alleged the larceny of the horse, and that the plaintiff recovered him from the thief and returned him to the defendant, who, in consideration thereof, promised to pay, &c. A demurrer was sustained to the second paragraph, and to the first the defendant answered, that at the time the plaintiff recovered and restored the horse he did not know of the offer of the reward.

*Held*, that the second paragraph of the complaint was bad for want of an averment that the service was rendered at the request of the defendant.

*Held*, also, that the answer was bad, as a knowledge of the offer of the reward before the service was rendered was not essential.

APPEAL from the *Allen* Common Pleas.

FRAZER, J.—The appellant was the plaintiff below. The complaint was in two paragraphs. 1. That a horse of the

defendant had been stolen, whereupon he published a hand-bill, offering a reward of $50 for the recovery of the stolen property, and that thereupon the plaintiff rescued the horse from the thief and restored him to the defendant, who refused to pay the reward. 2. That the horse of the defendant was stolen, whereupon the plaintiff recovered and returned him to the defendant, who, in consideration thereof, promised to pay $50 to the plaintiff, which he has failed and refused to do.

To the second paragraph a demurrer was sustained. To the first an answer was filed, the second paragraph of which alleged that the plaintiff, when he rescued the horse and returned him to the defendant, had no knowledge of the offering of the reward. The third paragraph averred that the hand-bill offering the reward was not published until after the rescue of the horse and his delivery to the defendant. The plaintiff unsuccessfully demurred to each of these paragraphs, and refusing to reply the defendant had judgment.

1. Was the second paragraph of the complaint sufficient? The consideration alleged to support the promise was a voluntary service rendered for the defendant without request, and it is not shown to have been of any value. A request should have been alleged. This was necessary at common law, even in a common count for work and labor, (Chitty's Pl. 338,) though it was not always necessary to prove an express request, as it would sometimes be implied from the circumstances exhibited by the evidence.

2. It is entirely unnecessary, as to the third paragraph of the answer, to say more than that though it was highly improbable in fact, it was sufficient in law.

3. The second paragraph of the answer shows a performance of the service without the knowledge that the reward had been offered. The offer therefore did not induce the plaintiff to act. The liability to pay a reward offered seems to rest, in some cases, upon an anomalous doctrine, constituting an exception to the general rule. In *Williams* v. *Car-*

*wardine,* 4 Barn. & Adolph. 621, there was a special finding, with a general verdict for the plaintiff, that the information for which the reward was offered was not induced to be given by the offer, yet it was held by all the judges of the King's Bench then present, DENMAN, C. J., and LITTLEDALE, PARKE and PATTESON, JJ., that the plaintiff was entitled to judgment. It was put upon the ground that the offer was a general promise to any person who would give the information sought; that the plaintiff, having given the information, was within the terms of the offer, and that the court could not go into the plaintiff's motives. This decision has not, we believe, been seriously questioned, and its reasoning is conclusive against the sufficiency of the defense under examination. There are some considerations of morality and public policy which strongly tend to support the judgment in the case cited. If the offer was made in good faith, why should the defendant inquire whether the plaintiff knew that it had been made? Would the benefit to him be diminished by the discovery that the plaintiff, instead of acting from mercenary motives, had been impelled solely by a desire to prevent the larceny from being profitable to the person who had committed it? Is it not well that any one who has an opportunity to prevent the success of a crime, may know that by doing so he not only performs a virtuous service, but also entitles himself to whatever reward has been offered therefor to the public?

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the second paragraph of the answer.

*W. H. Coombs,* for appellant.