*W. F. Pidgeon,* for appellant.

*J. S. Pritchett* and *G. G. Reily,* for appellee.

---

### STURM *v.* POTTER.

CRIMINAL LAW.—*Justice of the Peace.—Constable.—Jurisdiction.—Fugitive. Arrest.—Warrant.*—A warrant issued by a justice of the peace for the arrest of a person duly charged before him with the commission of a crime or misdemeanor, and who has left the county in which the offence was committed, and where the warrant was issued, may be served by a constable of said county in any other county where the defendant may be found, upon attaching a certificate of the clerk of the said county where such warrant was issued, setting forth that the justice signing the warrant is duly commissioned and qualified as such, and that his signature is genuine.

APPEAL from the Marion Superior Court.

PETTIT, C. J.—The following opinion of the court below, delivered by Judge Rand, fully explains and covers every question in the case, and we adopt, approve of, and make it our opinion:

"Frederic C. Sturm filed his petition in this court, alleging that William J. Potter is unlawfully restraining him of his liberty, and praying for a writ of *habeas corpus.* The writ was issued and returned, and Potter says, in his return, that he holds said Sturm by virtue of a writ issued by a justice of the peace of Decatur county to him as special constable of said county, directing him to arrest said Sturm and bring

him forthwith before said justice to answer to a charge of obtaining goods under false pretences in Decatur county. The writ and the affidavit on which it was issued, and the clerk of Decatur county's certificate of the genuineness of the writ issued by the justice are made part of the return.   Exceptions were filed to the return, which were overruled and excepted to, and a denial of the return to the writ of *habeas corpus* was filed.   The cause was heard at special term, and Sturm was remanded to the custody of Potter.   From this judgment Sturm has appealed to general term.   The only question raised is as to the sufficiency of the return to the writ of *habeas corpus*.   It is contended that a constable of Decatur cannot execute a writ in Marion county, issued to him by a justice of the peace for Decatur county, commanding him to arrest a person charged with a crime in Decatur county.   Section 8 of an act prescribing the number, and defining the powers and duties, of constables, approved May 27th, 1852 (2 G. & H. 621), reads as follows: 'In executing a warrant for the apprehension of any fugitive from justice, who has fled into another county, from any county in the State, a constable may arrest such offender in any county where he may be found; but if such offender shall request it, he shall not remove him from such county, without taking him before some officer authorized to issue and try writs of *habeas corpus*, and giving such offender time to make application for such writ.'   This would seem to confer ample authority on a constable of one county, where he has a proper writ charging a criminal offence committed in such county, to follow the alleged culprit into any other county in the State, and arrest him and take him before the justice who issued the writ, first giving him an opportunity to apply for a writ of *habeas corpus*, if he desires so to do.   The second section of the justice's act, as amended December 2d, 1865 (3 Ind. Stat. 319), reads as follows: 'Any justice shall, on complaint made on oath before him, charging any person with the commission of a crime or misdemeanor, issue his warrant for the arrest of such person, and cause him to be

Sturm *v.* Potter.

brought forthwith before him for trial or examination, and such warrant may be served throughout the county; and where the defendant has escaped from the county in which the offence was committed, upon attaching a certificate of the clerk of the county, setting forth that the justice signing the warrant is duly commissioned and qualified as such, and that his signature is genuine, the same may be served by any constable or sheriff in any county in which the defendant may be found.' It is argued that this section only authorizes a constable or sheriff of the county to which the fugitive has fled to make the arrest. We cannot concur in this view. We think a proper construction of this section authorizes a constable or sheriff of the county in which the offence was committed to arrest the fugitive in any county where he may be found, by virtue of a warrant issued by a justice of the peace in the county where the offence was committed. The warrant in this case was issued to Potter as special constable of Decatur county. It certainly could not have been contemplated by the legislature that this warrant should be transferred to a constable of Marion county, or that it should be returned to the justice and a new one be issued to Marion county, and if, in the mean time, he had slipped into an adjoining county, a new warrant should be obtained, directed to.a constable of that county. This construction would give an adroit fugitive all the chances of escape he would desire. We think that when he found that Sturm had fled from Decatur county, he had a right to get the clerk's certificate attached to the warrant, and then pursue and arrest the fugitive in any county in the State. Under this view, the two sections work harmoniously together. We have been referred to an act concerning fugitives from justice, approved May 27th, 1852, 2 G. & H. 434, but we think it is in no way conflicting with the section we have referred to. It provides for proceedings, in a county where a fugitive may be found, for his arrest and return to the county where the crime was committed. This is another means by which fugitives may be arrested and returned. In

the case at bar, the parties have adopted another course, and one, we think, equally legal. The judgment remanding the petitioner at special term is affirmed."

The judgment of the court below, in general term, is, in all things, affirmed, at the costs of the appellant.

*W. W. Leathers, C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellant.

*F. S. Scobey* and *O. B. Scobey,* for appellee.