HAYDEN *v.* SOUGER ET AL.

CONTRACT.—*Reward.*—*Capture of Criminal.*—A person feeling himself aggrieved at the commission of a crime may, either orally or otherwise, publicly offer and bind himself to pay a reward to whomsoever may capture the offender.

SAME.—*Pleading.*—In an action to recover of the defendant the amount of a reward publicly offered by him to any person who shall arrest a certain offender, it is not necessary that the complaint shall aver that the defendant has had notice that such offer had been accepted, and such arrest had been made, by the plaintiff.

SAME.—*Arrest by Private Person.*—Where, relying upon a public offer of a reward for the capture of an offender, a private person, supposing himself to be authorized by a warrant delivered to him, makes such arrest, he is entitled to recover the amount of such reward, if, in fact, such warrant imposed upon him no duty, and gave to him no authority, to make such arrest.

SAME.—*Special Constable.*—*Officer.*—A warrant issued by a justice of the peace, for the arrest of an offender, directed to "any constable" of a certain county, and placed in the hands of a person not a constable, confers upon such person no power to make such arrest, though upon the back of such warrant is an endorsement by such justice, authorizing and deputing such person to make such arrest.

SAME.—*Officer.*—*Constable.*—Though a public offer of a reward for the arrest of an offender be made, yet a regular constable, in whose hands is a warrant for the arrest of such offender, can not recover such reward, for making such arrest, though it be made by him, upon the faith of such reward, outside of his bailiwick.

PRACTICE.—*Pleading.*—*Amendment.*—*Justice of the Peace.*—Where, upon appeal by the plaintiff in a cause, to the circuit court, from a judgment rendered therein by a justice of the peace, his name, as it appears in the appeal bond executed by him, is different from the same as it appears in the complaint, the circuit court may allow the complaint to be amended, so as to correspond with such bond.

SAME.—*Certificate of Justice.*—*Appeal.*—Upon the appeal of a cause, from the judgment of a justice of the peace, to the circuit court, his certifi-

Hayden v. Souger et al.

cate to the transcript, that the same is "complete," is sufficient, without the use of the words "full" and "true."

SAME.—*Pleading Struck Out.*—Where, in an action commenced before a justice of the peace, matter alleged in a special paragraph of answer can be given in evidence without plea, it is not error to strike out such paragraph.

SUPREME COURT.—*Practice.—Instruction to Jury.*—Where it appears by the record, on appeal to the Supreme Court, that the party complaining of an instruction to the jury was not harmed thereby, the giving of such instruction, though erroneous or inapplicable to the evidence, is not available as error.

From the Fountain Circuit Court.

*J. W. Copner* and *Wood & Dochterman*, for appellant.

*W. E. Baker*, for appellees.

WORDEN, J.—This was an action by the appellees, against the appellant, brought before a justice of the peace. The complaint was as follows, after entitling the cause, viz.:

"William M. Souger, Joseph A. DuBois and Samuel McDavidson, plaintiffs in the above entitled cause of action, complain of James F. Hayden, and say, that on the 15th day of September, 1874, at and in said [county,] one Robert Hewey shot at and against said defendant, with a pistol loaded with powder and leaden shot, then and thereby wounding said James F. Hayden; that immediately after said shooting of defendant, by said Hewey, he, the said Hewey, fled and escaped from this county; that thereupon the said defendant offered and promised any person or persons a reward of one hundred dollars, whoever would apprehend and take into custody said Robert Hewey, so that he might be dealt with according to law; that plaintiffs, after hearing of the offer and promise of said reward by said defendant, and plaintiffs relying upon defendant's promise and offer of said reward, immediately procured horses and vehicles, and entered upon search of said Robert Hewey; that on the 17th day of September, 1874, in the county of Montgomery and State of Indiana, plaintiffs arrested and took into custody the said Robert Hewey, and brought him forthwith to this

county, and guarded him before and after his preliminary examination before Franklin Dice, justice of the peace of said county, for said shooting; and after said examination, conducted and guarded said Hewey to the town of Covington, and delivered him over in [to] the hands of the sheriff of said county, who lodged said Hewey in the jail of said county, where he remains at the commencement of this action; that after the services performed by the plaintiffs, for defendant, as set forth above, the defendant refused and still refuses, although requested, to pay plaintiffs the one hundred dollars, as defendant promised and agreed to do. Wherefore," etc.

Such proceedings were had before the justice, as that judgment was rendered for the defendant, and the plaintiffs appealed to the circuit court.

In the latter court, the defendant moved to dismiss the appeal, on the ground, amongst other things, of a variance in the name of one of the plaintiffs, as it appeared in the complaint and in the appeal bond. It would seem that the name of Samuel McDavidson was written originally in the complaint, as Samuel Davidson, but we find it written in the complaint, as above therein set out. The name is right in the appeal bond.

We presume the court allowed the name to be corrected in the complaint, by writing it Samuel McDavidson, as it had abundant right to do, under the 99th section of the code. This made the name substantially alike in all the papers.

Another ground of the motion was the alleged insufficiency of the justice's certificate to the transcript. The certificate was as follows:

" I, Franklin Dice, certify that the foregoing is a complete transcript of all the proceedings had before me in the above entitled case, as taken and copied from my docket. Witness my hand and seal," etc.

It is claimed by the appellant, that it was not sufficient to certify that the foregoing was a " complete " transcript,

but that the certificate should have contained the words " full, true and complete."

The certificate is in compliance with the law on the subject of transcripts on appeals from justices of the peace. The statute provides, that, " On the filing of such bond the justice shall make out and certify a complete transcript of all the proceedings had before him, and transmit the same, together with such bond and all other papers in the cause, to the clerk," etc. 2 R. S. 1876, p. 624, sec. 66.

Whatever might be required in the justice's certificate to a transcript to be used for other purposes, the certificate in this case was in strict compliance with the statute in reference to certifying transcripts on appeals, and was good. The motion to dismiss the appeal was correctly overruled.

The defendant filed a demurrer to the complaint, for want of sufficient facts, but it was overruled, and he excepted. He then answered in two paragraphs : first, the general denial, and, second, special matter. The second was struck out on motion, and the defendant excepted.

The cause was tried by a jury, resulting in a verdict and judgment for the plaintiffs, a motion by the defendant for a new trial having been overruled.

What we have already said, disposes of the error assigned upon the overruling of the motion to dismiss the appeal.

We are of opinion that the demurrer to the complaint was correctly overruled. The complaint, it seems to us, was abundantly good, especially in an action originating before a justice of the peace.

It is objected, that the complaint does not show that the offer of the reward was made public, or that it was made by handbill, poster or newspaper. The complaint alleges " that thereupon the said defendant offered and promised any person or persons a reward of one hundred dollars, whoever would apprehend and take into custody

the said Robert Hewey, so that he might be dealt with according to law."

This, it seems to us, implies that the offer was publicly made to any and all persons who might choose to accept it and comply with its terms. A person may, doubtless, publicly offer a reward by oral statement, as well as by hand-bill, poster or newspaper.

The latter mode has the advantage of being likely to make the offer more generally known, but it is no more binding than a public offer, orally made.

It is also urged that the complaint was bad, because it did not show, that at the time of the demand, or at the time of the commencement of the action, the defendant had any notice that the plaintiffs had arrested Hewey and delivered him to the sheriff, or that they had done so on account of the offered reward.

The complaint shows that the plaintiffs, after hearing of the offer of the defendant, and relying upon it, arrested Hewey, etc.   It shows that the plaintiffs fully complied with the terms of the offered reward.   They accepted the offer and performed the terms thereof.

This gave them a complete and perfect right of action against the defendant, for the reward, whether the defendant had notice that the plaintiffs had accepted and performed the proposed contract or not.   Notice to the defendant of the arrest of Hewey was not one of the conditions on which the alleged reward was to be paid. *Harson* v. *Pike*, 16 Ind. 140.

No available error was committed in striking out the second paragraph of the answer, because in actions originating before justices of the peace, "All matter of defence, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea." 2 R. S. 1876, p. 612, sec. 34.   The matter struck out, being neither of the matters excepted, could have been given in evidence without plea.

What we have said disposes of all the errors properly

assigned, except that upon the overruling of the motion for a new trial.

We can not reverse the judgment on the evidence. There was evidence tending to establish all the material allegations of the complaint.   From the evidence we think the jury may well have found that the defendant, by his oral statements, offered the reward in question, for the arrest of Hewey, and that the statements were intended by him to be public, and to be accepted and acted upon by any one who might choose to accept and act upon the proposition; and that the plaintiffs, in pursuance of the offer, followed Hewey to another county, and arrested and returned him.

The court gave to the jury the following charges, of which the appellant, in the brief of his counsel, complains:

"1st.   This suit is brought for the recovery of a reward, which the plaintiffs allege the defendant offered for the arrest of one Hewey, who had shot the defendant.   A person feeling himself aggrieved. may offer a reward for the apprehension of an offender; and if any person or persons arrest such offender, he or they would be entitled to recover the same, upon due proof of the service.

"3d.   It is for you to determine, from the evidence, whether this arrest was made out of the limits of Fountain county.   If you find it was, then the writ held by the special constable, with no other authentication than the warrant of the justice, was ineffective, null and void.

"5th.   It will be for you to consider, regarding the return of the constable on his writ, from the testimony before you, where this arrest was made; and if you believe from the testimony that the arrest was made within the jurisdiction of the constable, and by virtue of the writ in his hands, then the plaintiffs would not be entitled to recover; but if you believe the arrest was made out of the limits of the county, by persons who were induced to perform the labor, and did perform the labor, then they would be entitled to recover."

In order to understand the application of the charges thus given, it will be necessary to state some of the facts of the case as they appeared by the evidence.

It appeared that Franklin Dice, a justice of the peace of Fountain county, had issued a warrant, on affidavit filed, for the arrest of Hewey, on the charge of shooting the defendant, with intent to kill him. This warrant was directed to any constable of Fountain county, and not to Samuel McDavidson by name, but the justice endorsed on the back of the warrant the following:

" I hereby authorize and depute Samuel McDavidson to serve the within writ.    Given under my hand.

"Franklin Dice, J. P."

Armed with this document, McDavidson and the other plaintiffs pursued Hewey from Fountain into Montgomery county, and there arrested him, and brought him before 'Squire Dice for examination.   McDavidson made the following return to the writ, viz.:

" I have arrested the within named Robert Hewey, and have his body now in court.     Samuel McDavidson,

" Special Constable."

McDavidson testified, however, that they did not arrest Hewey by virtue of any warrant, but took him and brought him to Fountain county, where he was tried before Franklin Dice, and sent to jail.

The appellant insists that it was the duty of McDavidson to arrest Hewey, as such special constable, and, therefore, that he could not legally claim the reward offered, or any part thereof, and hence, that the joint action can not be maintained.

It may be conceded that if McDavidson had been a regular constable, with a warrant in his hands for the arrest of said Hewey, it would have been his duty to make the arrest without reward; and that he could not have recovered the reward, though he followed Hewey into another county and there arrested him, which he might

have done under the provisions of sec. 8, 2 R. S. 1876, p. 651. *Sturm* v. *Potter*, 41 Ind. 181.

It may be, also, that if McDavidson had accepted an appointment as special constable, to serve a valid warrant properly directed to him, before he had any knowledge that any reward was offered for the apprehension of the accused person, the appointment being accepted without any view to the reward offered, he would be bound to serve the warrant without reward. The evidence in the case does not show clearly, whether McDavidson accepted the appointment as special constable before he had notice that a reward was offered, and without any view to the reward; or whether he accepted it with a view to obtain the reward.

If he accepted the appointment after he had notice that the reward was offered, and with a view to obtain it, we are by no means prepared to say that his appointment as special constable, for the purpose of serving the warrant, would deprive him of the right to the reward. He was under no obligation to accept the appointment or make the arrest. If a private person is desirous of making an arrest, in order to obtain a reward, it seems to us much better that he should do it under a proper warrant and appointment as special constable, than that he should do it without any warrant at all.

But the warrant in this case was directed to any constable of Fountain county, and not to McDavidson. It therefore conferred no right, and devolved no duty, upon him to make the arrest.

The statute provides, that, " Whenever there shall be no constable convenient, and in the opinion of the justice an emergency exists for the immediate services of one, such justice may appoint a special constable to act in a particular cause; and shall note such appointment in such cause on the docket, and shall direct process to him by his name; and such constable so appointed shall discharge

the duties, receive the fees, and have the powers, in such cause, appertaining to the office." 2 R. S. 1876, p. 638, sec. 110; see also, *Id.*, p. 673, sec. 16.

The warrant, not being directed to McDavidson, conferred no authority upon him to make the arrest. *Dietrichs* v. *Schaw*, 43 Ind. 175. As it conferred no authority, it devolved no duty, upon him; and he occupied the same relation to the case as if no warrant had been issued.

The objection urged to the first charge is, that it is too broad in its terms. The counsel in their brief say, "The phrase, 'any person,' not only includes citizens generally, but officers of the law, constables, sheriffs and other officers. Now, if a sheriff or constable should make the arrest, on a proper writ, would he be entitled to the reward? Clearly not. But the court makes no distinction; it includes every-body; and, under the instruction of the court, every-body would be entitled to the reward, whether the arrest was made on a writ by an officer or not."

We have seen that there was no warrant in the case that authorized any of the plaintiffs to make the arrest, or devolved upon either of them any duty to make it. The charge, as applied to the case made, was not erroneous.

The third and fifth charges may not have been entirely correct in all respects, but if not, in view of the case made by the evidence, they could have done the defendant no possible harm. It was entirely immaterial, for the purposes of the case, whether Hewey was arrested in or out of Fountain county. There was no duty devolving upon the plaintiffs, or either of them, to make the arrest, either in or out of that county; and they had as much right to make the arrest in one county as in another.

There is no error in the record.

The judgment below is affirmed, with costs.