## EVERMAN v. HYMAN.

[No. 171.   Filed October 29, 1891.]

REWARDS.—*Knowledge of Offer.*—*Complaint.*—In an action by one who has recovered stolen property and apprehended the thief to recover a reward offered by public advertisement for the performance of such services it is not necessary to allege in the complaint that the services of plaintiff were rendered with a knowledge of the reward offered by the defendant and in consideration of such offer being made.   *pp. 167-169.*

EXCEPTIONS, BILL OF.—*Formal Beginning and End.*—A bill of exceptions is not required to be in any particular form, and if it clearly appears where a bill of exceptions begins, where it ends and what it contains, the omission of the usual formal beginning and conclusion will not prevent this court from treating it as a part of the record.   *pp. 169-171.*

SAME.—*Date of Presentation.*—*Presumption.*—When a bill of exceptions is shown to have been signed and filed within the time allowed by the court, a failure to state in the bill the date of its presentation for the judge's signature is not material, as it will be presumed to have been presented the day it was signed.   *pp. 171, 172.*

SAME.—*Filing.*—*Indorsement.*—A paper is sufficiently filed when it is delivered to the proper officer for that purpose, and the failure of the clerk to indorse a file mark on the bill of exceptions is not material where his certificate shows that it was duly filed.   *p. 172.*

SAME.—*Judge's Certificate.*—*Evidence.*—The interposition of a certificate of the official reporter between the statement in a bill of exceptions that "this was all the evidence given in the cause" and the authentication and signature of the judge does not invalidate the bill.   *pp. 172, 173.*

REWARDS.—*Capture of Thief.*—*Giving Information.*—One who merely located a thief and told the deputy sheriff where he could be found was not entitled to a reward offered for the "capture of the thief," although the deputy sheriff went at once to the place designated, and arrested him.   *p. 173.*

SAME.—*Interrogatories.*—*Surrender of Property.*—In a suit for a reward offered by defendant for the "return" of his stolen horse the court properly refused to submit to the jury an interrogatory as to whether "plaintiff put defendant in possession of" his horse before bringing the suit, because plaintiff would not be bound to put him in actual possession while the promised reward was due and unpaid.   *pp. 173, 174.*

From the Carroll Circuit Court.  *Affirmed conditionally.*

*L. D. Boyd,* for appellant.

*W. C. Smith, G. W. Julien, C. R. Pollard* and *R. C. Pollard,* for appellee.

New, C. J.—This was an action by the appellee against the appellant for the recovery of a reward offered by the latter.

The complaint is in three paragraphs.  (1)  That a horse was stolen from the appellant for the return of which he offered by handbill a reward of $100.  That thereupon the appellee rescued said horse from the thief and returned the same to the appellant, who refuses, upon the appellee's demand, to pay said reward.  (2)  That a horse was stolen from the appellant who offered by handbill, for the capture of the thief $100.  That thereupon the appellee captured said thief and placed him in the custody of the sheriff of the county where said horse was stolen.  That the appellant has refused upon the demand of the appellee to pay said reward. (3)  The third paragraph of the complaint is a combination of the first and second paragraphs, and asks judgment for $200.

With each paragraph of the complaint is filed a copy of the offered reward, as follows: "Stolen—From the stable of the undersigned on Sunday morning, July 28th, a large dapple gray horse, high carriage, bridle scalds about the head, scar on hind foot made by rope halter, flat feet, no shoes.  $100 reward for the return of the horse and $100 reward for the capture of the thief.  William Everman, Burlington, Indiana."

Demurrers to the first and second paragraphs of the complaint were overruled and exceptions saved.  The third paragraph of the complaint was not demurred to.  The appellant answered by a denial.  There was a general verdict for the appellee, together with answers to interrogatories submitted by the court to the jury at the request of the appellant.

The first alleged error of the court below is predicated upon the overruling of the demurrers to the first and second paragraphs of the complaint. It is also assigned as error that the court erred in overruling a demurrer to the third paragraph of the complaint. The record, however, does not disclose a demurrer to the third paragraph.

The only objection urged by the appellant to the first and second paragraphs of the complaint is that there is a failure to allege that the services rendered by the appellee were with a knowledge of the reward offered by the appellant, and in consideration of said offer being made.

In *Dawkins* v. *Sappington,* 26 Ind. 199, it was held that a person performing the services for which a reward was offered was entitled to the reward, although he did not know, at the time of the performance, that the reward had been offered, and therefore could not have been influenced or induced to act from the offer. The same case is cited as authority in *Board, etc.,* v. *Wood,* 39 Ind. 345. See, also, *Auditor* v. *Ballard,* 9 Bush 572, where *Dawkins* v. *Sappington, supra,* is quoted from with approval.

In *Harson* v. *Pike,* 16 Ind. 140, it was decided that it was not necessary that notice should be given to the party offering the reward that his proposal was being acted upon. It is there said that no authority is known for requiring such notice nor is its effective purpose perceivable. The same question is decided the same way in *Hayden* v. *Souger,* 56 Ind. 42, the court saying that notice of the acceptance of the offer was not one of the conditions on which the offered reward was to be paid. See notes to this case as published in 26 Am. Rep. 1. See, also, *Reif* v. *Paige,* 55 Wis. 496.

In *Wentworth* v. *Day,* 3 Metc. (Mass.) 352, it was said: "If the loser of property, in order to stimulate the vigilance and industry of others to find and restore it, will make an express promise of a reward, either to a particular person, or in general terms to anyone who will return it to him, and,

in consequence of such offer, one does return it to him, it is a valid contract. Until something is done in pursuance of it, it is a mere offer, and may be revoked. But if, before it is retracted, one so far complies with it, as to perform the labor, for which the reward is stipulated, it is the ordinary case of labor done on request, and becomes a contract to pay the stipulated compensation."

In *Russell* v. *Stewart,* 44 Vt. 170, it is shown that $500 was offered for the arrest of a murderer. Stewart made the arrest and it was held that he was entitled to the reward, although he had no knowledge of the offer of a reward when he made the arrest.

In *Eagle* v. *Smith,* 4 Houst. 293, the action being for a reward offered for a return of lost goods, it was held that the party who had performed the prescribed condition, by finding and returning the goods to the owner, was entitled to recover although he did not know at the time he returned them that any reward had been offered.

In *Williams* v. *Carwardine,* 4 Barn. & Ad. 621, it was held that although the information which was given by the plaintiff, and which led to the discovery and conviction of the murderer, was given from other motives than the reward offered, it was the opinion of all the judges that the informer was entitled to recover the reward. Denman, C. J., said: "The plaintiff, by having given information which led to the conviction of the murderer of Walter Carwardine, has brought himself within the terms of the advertisement, and therefore is entitled to recover." Littledale, J., said: "The advertisement amounts to a general promise to give a sum of money to any person who shall give information which might lead to the discovery of the offender. The plaintiff gave that information." Parke, J., said: "There was a contract with any person who performed the condition mentioned in the advertisement." Patterson, J., said: "I am of the same opinion. We cannot go into the plaintiff's motives."

In *Vigo Agricultural Soc.* v. *Brumfiel,* 102 Ind. 146, 52 Am. Rep. 657, it is stated, as an elementary principle, that where a party publishes an offer to the world, and before it is withdrawn another acts upon it, the party making the offer is bound to perform his promise. In the same case, the essential difference between a contract by advertisement and an ordinary agreement is stated thus: "In the former case there is no complete contract until performance, while in the latter there is a contract as soon as there is an acceptance of the proposal."

It will thus be seen that the liability to pay a reward offered may be placed upon a principle or doctrine somewhat different from that which governs in ordinary contracts. The demurrers to the first and second paragraphs of the complaint were properly overruled.

The remaining specification of error made by the appellant is the overruling of his motion for a new trial. The first reason named in the motion for a new trial is that the verdict of the jury is not sustained by sufficient evidence. Counsel for the appellee affirm that the evidence is not in the record and therefore this court cannot say that the verdict is not sustained by sufficient evidence. Their contention, as stated by themselves, is "that the longhand manuscript of the evidence in this case as made by the reporter was never filed in the office of the clerk as required by law and was not properly incorporated in a proper bill of exceptions and cannot be considered by this court." They contend that the said longhand manuscript cannot be regarded as being in a proper bill of exceptions because the bill does not begin with the usual formula or heading, and because the date of its presentation to the judge is not stated in the bill.

Immediately preceding said bill of exceptions in the transcript is the following entry by the clerk: "And also on the 23rd day of December, 1889, the defendant files general bill of exceptions saving the evidence, and numbered

two, which reads in the words and figures following, to wit."
Then follows the longhand manuscript of the evidence as
taken down by the official reporter of the court, there being
no caption, nor preliminary statement of any kind to indi-
cate that said longhand manuscript of the evidence was the
evidence given in the cause, except the number of the case,
the entitling of the cause in the manner usual in civil ac-
tions, names of counsel and for whom they appeared, fol-
lowed by the names of the witness and the page of the tran-
script on which the testimony of each witness began.    Fol-
lowing the evidence in immediate connection occur the fol-
lowing words:    "Defendant here rested his case and this
was all the evidence given in the cause."    Next comes the
certificate of the official reporter, and then these words:
"And the defendant now tenders this his bill of exceptions
and asks that the same be signed, sealed, and made a part of
the record in this cause, which is done this 23rd day of De-
cember, 1889."    At the close of the words thus quoted
is the signature of the judge, and immediately follow-
ing his signature the following:    "Filed December 23,
1889.    Charles Pigman, Clerk."    Then follows the cer-
tificate of the clerk under his hand and the seal of the court,
which we have thought best to give in full:    "State of Indi-
ana, Carroll county, ss.    I, Charles Pigman, clerk of the
Carroll Circuit Court of Indiana, do hereby certify that the
above and foregoing is a full, true, and complete copy of all
papers filed, entries made on the order-books of said court,
proccedings had and judgment rendered in the above entitled
cause in said court on file and of record in my office; and
also that the longhand manuscript of the evidence embodied
in the general bill of exceptions saving the evidence and
numbered two as the same appears in the above transcript is
the original longhand manuscript made by the official short-
hand reporter of said court from her verbatim report of the
evidence given in said cause, and is the identical one filed in
my office on the 23rd day of December, 1889.    In witness

whereof I have hereunto set my hand and affixed the seal of said court at my office in Delphi, Indiana, this 24th day of December, A. D. 1889. Charles Pigman, Clerk. (Seal.)"

While it is a matter of some surprise that attorneys in the preparation of bills of exceptions should omit to observe approved forms, the statute does not require that a bill of exceptions shall be in any particular form. A bill of exceptions as defined in 1 Burrill's Law Dict., p. 205, is: "A formal statement in writing of the exceptions taken to the opinion, decision, or direction of the judge, delivered during the trial of a cause, setting forth the proceedings on the trial, the opinion or decision given, and the exception taken thereto, and sealed by the judge in testimony of its correctness."

The case of *Dennis* v. *State,* 103 Ind. 142, was one where the usual formula or beginning in the bill of exceptions was omitted, and where the prefatory matter was almost identical with that in the case at bar. The bill of exceptions in that case was held to be sufficient. See, also, §658 R. S. 1881.

Is the date of the presentation to the judge of the bill of exceptions sufficiently shown therein? There is to the bill the usual authentication and signature of the judge, and it therefrom appears that it was signed on the 23rd of December, 1889, which was within the time limited. We think that this sufficiently shows a compliance with the statute requiring that the date of the presentation of the bill shall be stated therein. When the date of the presentation is nowhere stated in the body of the bill as a distinct and separate fact, and the bill is signed not later than the time allowed and it so appears from the bill itself, we can see no reason why the date of the signing by the judge should not be regarded as the date of presentation to him for his signature. The time given for the filing of the bill was ninety days from the 1st of November, 1889, and it is properly shown by the record that it was signed and filed December

23, 1889. *Hale* v. *Matthews,* 118 Ind. 527; *Guirl* v. *Gillett,* 124 Ind. 501; *Orton* v. *Tilden,* 110 Ind. 131; *City of Plymouth* v. *Fields,* 125 Ind. 323; *Buckner* v. *Spaulding,* 127 Ind. 229.

The point is also made that it is not shown by the record that the reporter's longhand manuscript of the evidence was filed with the clerk of the circuit court as required by §1040 R. S. 1881. In other words, that no filing of the original longhand manuscript of the evidence is shown except as it was filed as incorporated in the bill of exceptions. We have seen that the bill of exceptions was filed in time. If the original longhand manuscript of the evidence was incorporated in the bill of exceptions it thereby became a part of the bill, and was therefore filed when the bill was filed. It is not necessary to the filing of a paper that it should be indorsed as having been so filed. A paper is filed when it is delivered to the proper officer, and by him received to be kept on file. It is shown by the clerk's certificate that the original longhand manuscript of the evidence is embodied in the bill of exceptions, and we are inclined to think that the proper inference from the clerk's certificate, in relation thereto, is, that said longhand manuscript was filed with him not only as a part of the bill of exceptions but independent of it as well, for in the certificate is the statement that said original longhand manuscript of the evidence "is the identical one filed in my office on the 23rd day of December, 1889." See *Hull* v. *Louth,* 109 Ind. 315; *Dennis* v. *State,* 103 Ind. 142; *Stout* v. *State,* 90 Ind. 1; *Hessian* v. *State,* 116 Ind. 58.

As we understand counsel for the appellee they also claim that it is not properly declared or certified by the judge that the bill of exceptions contains all the evidence given in the cause.

At the close of the evidence as we have hereinbefore stated, occur the words: "Defendant here rested his case and this was all the evidence given in the cause." Then

follows the certificate of the official shorthand reporter, and next and last the authentication and signature of the judge.

We do not think that the interposition of the reporter's certificate invalidates the bill of exceptions. When the judge signed it, he thereby adopted and certified every material statement in the bill which preceded his signature. *McCormick, etc., Co.* v. *Gray,* 114 Ind. 340.

Recurring now to the first reason assigned for a new trial, to wit, that the verdict of the jury is not sustained by sufficient evidence, we think there was evidence from which the jury might find that the appellee was entitled, and the only one entitled, to the $100 offered by the appellant for the return of the horse; beyond that sum, however, we think the finding was excessive. The excess above $100 must have been by the jury allowed to the appellee, because of his having located the thief and informed the deputy sheriff where he could be found. There is no other evidence in the record from which the jury could have regarded the appellee as having a claim upon the reward offered for the capture of the thief.

The arrest of the thief was made by the deputy sheriff in his capacity as such. The duty of making the arrest fell upon this officer, and he discharged it, as he was bound to do. It is true, he received information from the appellee as to where the culprit could be found, but that information he was entitled to gather and have from any and all sources possible. The reward was not offered for information as to the whereabouts of the prisoner, but for his capture. The case of the *County of Juniata* v. *McDonald,* 122 Pa. St. 115, is precisely in point. The facts are almost identical. Following that case, which upon principle appears to us to be rightly decided, we must hold that the damages assessed were excessive in the sum of $50.

Objections were made by the appellant to the introduction of certain testimony. We have examined the evidence with care, and do not find that any available error was

committed by the court in that regard.    Much of the testimony objected to was upon the theory that there could be no recovery upon the complaint, unless the services rendered by the appellee were with a knowledge of the reward offered.    It follows from what he have already said that objections to testimony upon that ground could not avail the appellant.

It is assigned as a ground for a new trial that the court erred in refusing to submit to the jury, at the request of the appellant, the following interrogatory:  "Did the plaintiff put the defendant in possession of the horse described in his complaint before the beginning of this action."

There was no error committed by the court in refusing to submit to the jury this interrogatory.   The reward offered was for the return of the horse, not that the appellant be put in possession of the same.   The interrogatory sought to be propounded to the jury was not, in our opinion, fairly within the issues.   It called for a fact or act, over and beyond what was required of the appellee to entitle him to the reward offered for the return of the horse.   If the appellee found and offered to restore the horse to the appellant he was entitled to $100.   It might be that the horse was not put by the appellee into the possession of the appellant, and yet the former be entitled to the reward offered for the return of the horse.   If the horse was found and returned to the appellant by the appellee he would not be bound to put the appellant in actual or literal possession of the horse, if the appellant was at the time withholding the reward which was promised and due.

Inasmuch as we have reached the conclusion that on the whole case, as presented by the record, the cause has been fully and fairly tried, and a right conclusion reached in the verdict and judgment in favor of the appellee, except as to the sum of $50, it is not necessary that we give attention to instructions given or refused.

If the appellee will, within sixty days from this date, file with the clerk of this court his *remitittur* of $50 of the verdict and judgment as of the date of the judgment below, the judgment will be affirmed; otherwise it will be reversed, and, in either event, at the appellee's costs in this court.