## S. H. BROADNAX v. A. L. LEDBETTER.

### No. 1618. Decided February 27, 1907.

**Reward—Capture of Fugitive from Justice.**

> One seeking to recover from a sheriff the reward offered by him for the recapture of a criminal who had escaped from his custody must show that he acted with knowledge of the offer in effecting the recapture; the basis of such liability is contract, and to constitute this an offer must have been acted on. (Pp. 376–378.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Dallas County.

*Jackson & Littleton,* for appellant.—The offer of a reward, or compensation for the performance of any service is a case of a conditional promise, and if any one coming within the terms of the offer shall perform the service before its revocation, a legal and binding contract arises to pay the reward; and not being one of the conditions of the offer or promise, knowledge of the offer on the part of him who performs the service is not essential to a recovery.    Morris v. Kasling, 71 Texas, 584; Story on Contracts, sec. 380; Anson on Contracts, star pages 12, 13, 24, 25; Simpkins on Contracts and Sales, 12, 18; 24 Am. & Eng. Ency. Law (2d ed.), 957, 958; Dawkins v. Sappington, 26 Ind., 199; The Auditor v. Ballard, 9 Bush, 572; Crawshaw v. City of Roxbury, 7 Gray, 377; Russell v. Stewart, 44 Vt., 170; Eagle v. Smith, 4 Houston (Del.), 293; Hayden v. Souger, 26 Am. Rep., 1, and notes; Williams v. Carwardine, 4 B. & Ad., 621, and notes (6 English Ruling Cases, 133).

*Kenneth Foree,* for appellee.—The liability for the payment of a reward is contractual, and therefore knowledge of the offer of a reward, when the services therein specified are performed, is essential to the right to claim the reward.    Blain & Kelly v. Pacific Express Co., 69 Texas, 78; Patton v. Rucker, 29 Texas, 402; Morris v. Kasling, 79 Texas, 142; Hubbard City Oil and Gin Co. v. Nichols, 14 Texas Ct. Rep., 1; Wilson v. Stump, 103 Cal., 255, 42 Am. St. Rep., 111; Hewitt v. Anderson, 56 Cal., 476, 38 Am. St. Rep., 65; Williams v. West Chicago St. Ry. Co., 191 Ill., 610, 61 N. E., 456; Ensminger v. Horn, 70 Ill. App., 605; Chicago R. Co. v. Sebring, 16 Ill. App., 181; Howland v. Lounds, 51 N. Y., 604, 10 Am. Rep., 654; Fitch v. Snedaker, 38 N. Y., 248, 97 Am. Dec., 791; Vitty v. Eley, 51 N. Y. App. Div., 44; Stamper v. Temple, 6 Hump. (Tenn.), 113, 44 Am. Dec., 296; 1 Wharton on Contracts, secs. 24, 507 (ed. 1882); Langdell's Cases on Contracts. (See Summary, sec. 3.)

WILLIAMS, ASSOCIATE JUSTICE.—This case is sent up by the Court of Civil Appeals for the Third District upon the following certificate:

"The Court of Civil Appeals of the Third Supreme Judicial District of the State of Texas, certifies that the above styled and numbered cause is now pending on appeal in this court, and states that the cause of action asserted by the appellant against appellee is set out in plaintiff's original petition, which is as follows:

"'State of Texas, County of Dallas. In the County Court of Dallas County, Texas.

"'To the Hon. Judge of said Court:

"'Your petitioner, S. H. Broadnax, who is a resident citizen of Dallas County, Texas, hereinafter called plaintiff, complaining of A. L. Ledbetter, who resides in Dallas County, Texas, hereinafter called defendant, respectfully shows to the court:

"'That defendant is now and was on the dates hereinafter mentioned, the duly elected, qualified and acting sheriff of Dallas County, Texas.

"'That heretofore towit: on or about the 21st day of December, 1904, one Holly Vann was, in the Criminal District Court of Dallas County, Texas, duly convicted of murder in the first degree, and his punishment assessed at death; that from the date of conviction as aforesaid, until the 25th day of January, 1905, said Vann was a prisoner in the custody of said defendant, as sheriff of Dallas County, Texas, and was confined in the county jail of said county.

"'That on said last named date, and pending the appeal of said case of said Vann to the Court of Civil Appeals of the State of Texas, he, the said Vann, by some method and means unknown to plaintiff, effected his escape from said jail, and from the custody of said defendant, and remained at large, a fugitive from justice, until the evening of the 25th day of January, 1905.

"'That after the escape of the said prisoner Vann, and during the time he was at large, a fugitive from justice, said defendant did make and cause to be made, publish and cause to be published, circulate and cause to be circulated, an offer, to the effect, that he, the said defendant, would pay as a reward the sum of $500 to any party or parties who would recapture the said prisoner Vann and return him to the Dallas County jail, from which he escaped, or to any other jail or jailer in the State of Texas.

"'That said offer to pay such reward was made to the public generally, that is, to any person or persons who would capture the said prisoner and return him to custody, as aforesaid, and was not made to any special person or officer.

"'That subsequent to the making, publishing and circulating of said offer to pay such reward, and in conformity therewith and before the revocation thereof, said plaintiff did, on towit, the 25th day of January, 1905, recapture, restrain, hold and return the said prisoner Vann for whose capture said reward was offered, to the custody of said defendant, and to the county jail of Dallas County, Texas, and there delivered said prisoner to the custody of said defendant, and performed all the conditions contained in said offer to pay such reward.

" 'That by reason of the premises and the full performance by plaintiff, of the services for which said reward was offered, said plaintiff is entitled to said reward, and said defendant became liable to plaintiff, and promised to pay plaintiff the full amount thereof, towit, $500.

" 'That though often requested, defendant has failed and refused and still fails and refuses to pay the same or any part thereof, to plaintiff's damage in the sum of $500.

" 'Wherefore your petitioner prays for citation hereon, as required by law, and upon final hearing for judgment for the sum of $500 and for cost of suit, and for general and special relief.'

"In the trial court the appellee interposed demurrers on the ground that the petition stated no cause of action, because it was not alleged that plaintiff had knowledge or notice of the reward when the escaped prisoner was captured and returned to jail by the plaintiff. These demurrers were by the court sustained, and plaintiff declining to amend, judgment was entered dismissing plaintiff's case, with a judgment against him for all costs, etc.

"In view of the above statement, we propound the following question: Was notice or knowledge to plaintiff of the existence of the reward when the recapture was made essential to his right to recover?"

Upon the question stated there is a conflict among the authorities in other states. All that have been cited or found by us have received due consideration, and our conclusion is that those holding the affirmative are correct.

The liability for a reward of this kind must be created, if at all, by contract. There is no rule of law which imposes it except that which enforces contracts voluntarily entered into. A mere offer or promise to pay does not give rise to a contract. That requires the assent or meeting of two minds and therefore is not complete until the offer is accepted. Such an offer as that alleged may be accepted by any one who performs the service called for, when the acceptor knows that it has been made and acts in performance of it, but not otherwise. He may do such things as are specified in the offer, but, in so doing, does not act in performance of it and therefore does not accept it, when he is ignorant of its having been made. There is no such mutual agreement of minds as is essential to a contract. The offer is made to anyone who will accept it by performing the specified acts, and it only becomes binding when another mind has embraced and accepted it. The mere doing of the specified things without reference to the offer is not the consideration for which it calls. This is the theory of the authorities which we regard as sound. (Pollock on Contracts, 20; Anson on Contracts, 41; Wharton on Contracts, secs. 24, 507; Story on Contracts (5th ed.), 493; Page on Contracts, sec. 32; 9 Cyc. Law and Proc., 254; 29 Am. & Eng. Ency. Law, 956.) The decisions of the courts upon the question are cited by the authors referred to.

Some of the authorities taking the opposite view seem to think that the principle of contracts does not control the question, and in one of them, at least, it is said that "the sum offered is but a boon, gratuity, or bounty, generally offered in a spirit of liberality, and not as a mere price, or a just equivalent simply for the favor or service requested, to

be agreed or assented to by the person performing it, but when performed by him, as justly and legally entitling him to a fulfillment of the promise, without any regard whatever to the motive or inducement which prompted him to perform it." (Eagle v. Smith, 4 Houst. (Del.), 293.)    But the law does not force persons to bestow boons, gratuities or bounties merely because they have promised to do so.    They must be legally bound before that can be done.    It may be true that the *motive* of the performer in rendering service is not of controlling effect, as is said in some of the authorities above cited in pointing out the misapprehension of the case of Williams v. Carwardine, 4 B. & Ad., 621 (6th English Rul. Cas., 133), into which some of the courts have fallen.    But this does not reach the question whether or not a contractural obligation is essential.

Other authorities say that it is immaterial to the offerer that the person doing that which the offer calls for did not know of its existence; that the services are as valuable to him when rendered without as when rendered with knowledge. (Dawkins v. Sappington, 26 Ind., 199; Auditor v. Ballard, 9 Bush., 572.)    But the value to the offerer of the acts done by the other party is not the test.    They may, in supposable cases, be of no value to him, or may be no more valuable to him than to the person doing them.    He is responsible, if at all, because, by his promise, he has induced another to do the specified things.    Unless so induced, the other is in no worse position than if no reward had been offered.    The acting upon this inducement is what supplies, at once, the mutual assent and the contemplated consideration. Without the *legal* obligation thus arising from contract there is nothing which the law enforces.

Reasons have also been put forward of a supposed public policy, assuming that persons will be stimulated by the enforcement of offers of rewards in such cases to aid in the detection of crime and the arrest and punishment of criminals.    But, aside from the fact that the principles of law to be laid down can not on any sound system of reasoning be restricted to offers made for such purposes, it is difficult to see how the activities of people can be excited by offers of rewards of which they know nothing.    If this reason had foundation in fact, it would hardly justify the courts in requiring private citizens to minister to the supposed public policy by paying rewards, merely because they have made offers to pay upon which no one has acted.    Courts can only enforce liabilities which have in some way been fixed by the law. While we have seen no such distinction suggested, it may well be supposed that a person might become legally entitled to a reward for arresting a criminal, although he knew nothing of its having been offered, where it was offered in accordance with law by the government. A legal right might in such a case be given by law without the aid of contract.    But the liability of the individual citizen must arise from a contract binding him to pay.

Question is answered in the affirmative.