FIDELITY & DEPOSIT COMPANY OF MARYLAND *v.* MESSER
ET AL.

[72 South. 1004.]

1. REWARDS. *Necessity for knowledge of offer.*

A reward cannot be earned by one who did not know it had been
offered; for there can be no acceptance of an uncommunicated
offer.

2. SAME.

The publication of an advertisement offering a reward is a gen-
eral offer to make a contract with any person who is able to
perform the required services and meet the conditions of the
proposal. The performance of the service or the performance of
the condition on which the promise is made, with knowledge, is
an acceptance of the offer, and when done concludes the con-
tract. The matter rests exclusively in the domain of contracts
involving an offer and its acceptance.

APPEAL from the circuit court of Forest County.
HON. PAUL B. JOHNSON, Judge.

Suit by J. C. Messer and others against the Fidelity
& Deposit Company of Maryland. From a judgment
for plaintiff, defendant appeals.

Appellees, who were policemen of the city of Hat-
tiesburg, Miss., receiving a regular monthly salary,
brought suit against the appellant to recover two hun-
dred dollars reward for the capture of two bank
burglars.

The New Hebron Bank was burglarized by two
persons, and the information was telephoned to near-
by cities, including Hattiesburg, and the appellees,
members of the police force, apprehended the burglars
on an incoming train. They were subsequently con-
victed and sentenced. The bank which was burglarized
was insured against burglary in the appellant com-
pany, the policy providing, among other things:

"Display Sign.—Upon the payment of the premium
due hereunder the Fidelity & Deposit Company will

forward to the bank a sign for display in the banking room, and a metal plate for outside display, . . . these signs reading as follows: 'Insured against burglary, robbery, or hold up by Fidelity & Deposit Company of Maryland, Baltimore, Maryland. One hundred dollars reward for the apprehension and conviction of each person burglarizing, robbing, or holding up or attempting to burglarize, rob, or hold up this bank.' "

The case was tried before a judge, a jury being waived, on an agreed state of facts, which stipulated that the bank had paid the appellant the premium and had obtained the policy of insurance protecting it against loss by robbery, burglary, or holdup, and that said policy was in full force at the time the burglary occurred, and that appellees captured the burglars, who were fugitives from justice. It was agreed also that appellees did not know that there was a reward of one hundred dollars offered by the appellant for the apprehension of persons burglarizing the banks insured by it against burglary. From the judgment for appellees, this appeal is prosecuted.

*Flowers, Brown, Chambers & Cooper,* for appellant.

*Currie & Currie,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The contract here sought to be enforced is one alleged to have been created by the acceptance by appellees of appellant's offer of a reward for the capture of the persons who burglarized the New Hebron Bank. It appears, however, from the agreed statement of facts that when appellees arrested the burglars they did not know that appellant had offered a reward therefor; consequently they cannot be said to have accepted the offer.

"The publication of an advertisement offering a reward is a general offer to make a contract with any person who is able to perform the required services and meet the conditions of the proposal. The performance of the service· or the performance of the condition on which the promise is made, with knowledge, is an acceptance of the offer, and, when done, concludes the contract. The matter rests exclusively in the domain of contracts involving an offer and its acceptance. This being true, it logically ·follows that a reward cannot be earned by one who did not know it had been offered; for there can be no acceptance of an uncommunicated offer.''  1 Elliott on Contracts, sec. 51; Clark on Contracts (3d Ed.), p. 49; Lawson on Contracts; *Broadnax* v. *Ledbetter,* 100 Tex. 375, 99 S. W. 1111, 9 L. R. A. (N. S.) 1057.

Reversed, and judgment here for appellant.

*Reversed.*