JUDGE PETERS
delivered the opinion oe the-court.
This proceeding was instituted in the court below by appellee against the auditor of public accounts to compel him to issue his warrant on the treasurer of the state for two hundred and fifty dollars, the reward which, he asserts, the ^governor by his proclamation offered for the apprehension and delivery to the jailer of Franklin County of Charles Collins, a fugitive from justice; appellee having produced to the auditor the receipt of the jailer for said fugitive, properly certified by the circuit court of said county. ,
The defense relied upon by appellant is that before the governor offered a reward for the ^apprehension and delivery of said fugitive to the jailer of said county appellee had apprehended said fugitive, in the county of Owen, twenty miles from Frankfort, had brought him to that .place, and said fugitive had been delivered and was in jail when the proclamation of the governor offering the reward was delivered to the public prBSfer for publication; and as soon as the facts were known "to'the governor he withdrew the proclamation from the public printer before it was published; and that appellee did not know at the time he arrested said fugitive and delivered him to the jailer that any reward had been offered, nor was the offer known to any one except the employees in the office of the public printer.
Whether the facts relied upon present a good defense is the main question to be determined.
*574 We are aware that this court in Lee v. The Trustees of Flemingsburg (7 Dana, 28), in an action to recover a reward for apprehending a felon, held it to be necessary for the plaintiff to aver and prove that he pursued and apprehended the felon in consideration of the reward offered, which he could not have done unless he knew that the reward had been offered. If that case could be regarded' as analogous to this, and the ruling therein adhered to, it would result in a reversal of this judgment; but we do not regard the cases as analogous. The publication of the offer, we apprehend, does not depend upon the fact that it was printed in a newspaper or was circulated in the form of hand-bills; but when the governor shall have signed a proclamation officially, containing an offer of a reward for the apprehension and delivery to the proper jailer of a fugitive from justice, and the same shall have been entered on the executive journals, the offer is then completed, as the law- authorizing the governor to offer a reward for such services does not require that the proclamation containing the offer shall be printed.
The offer of a reward in such cases is a proposal on the part of the commonwealth to all persons, which any one capable of performing the service may accept before the offer is revoked; and such offer on one side and acceptance and performance on the other is a valid contract on sufficient consideration, which the law will enforce (Wentworth v. Day, 3 Met., Mass. R. 352); and if before the offer of the reward is withdrawn an individual performs the services for which the reward was offered, it is the ordinary case of labor done and performed on request, and the contract to pay the stipulated compensation becomes enforceable {ibid).
And it is said in Story on Contracts (sec. 380): “ The offer of a reward or compensation for the performance of any service is a case of a conditional promise, and if any one coming within the terms of the offer shall perform the service before *575 its revocation, a legal and binding contract arises to pay the reward.”
But it is said that the appellee is not entitled to the reward because he did not know at the time he arrested the fugitive and delivered him to the jailer that one had been offered, and therefore the services could not have been performed in consideration of the reward. If the offer was made in good faith) why should the state inquire whether appellee knew that it had' been made? Would the benefit to the state be diminished bv, a discovery of the fact that the appellee, instead of acting from mercenary motives, had been actuated solely by a desire to prevent the escape of a fugitive and to bring a felon to trial? And is it not well that all may know that whoever in the community has it in his power to prevent the final escape of a fugitive from justice, and does prevent it, not only performs a virtuous service, but will entitle himself to such reward as may be offered therefor ? (Dawkins v. Sappington, 26 Ind. 199.)
We are not satisfied from the evidence that Collins (the fugitive) was delivered to the jailer of Franklin County before the proclamation of the governor was signed and entered on the executive journal, which is the publication of the offer; indeed the precise time at which that was done is not shown by the evidence.
Wherefore the judgment is affirmed.