Peelle, J.,
delivered the opinion of the court:
In this action the claimant seeks to recover the reward of $1,000 offered by the Attorney-General of the United States under date of December 24, 1884, “to such party or parties as may arrest Henry W. Howgate, or who may furnish information leading to his capture.”
In 1881, on the sworn statement of the Chief Signal Officer of the United States Army, Henry W. Howgate, first lieutenant in the Army and property and disbursing officer in said service, was charged with embezzlement and forgery, committed in 1879 and 1880. The next day thereafter a warrant was issued and placed in the hands of a special agent of the Department of Justice, but in the meantime Howgate had escaped to Michigan, where he was subsequently arrested and brought to the city of Washington and held to bail by a United States commissioner for the District of Columbia in the sum of $40,000.
Soon thereafter another criminal proceeding was commenced against him and he was arrested and held to bail in the further sum of $40,000, but failing .to furnish the necessary security he was committed to jail; and in November, 1881, the gra id *371 jury of the United States for the District of Columbia presented to the supreme court of said District six indictments for embezzlement and one for forgery against him. He was soon thereafter arraigned and pleaded “not guilty” to all the indictments and was then committed to jail to await trial.
In April, 1882, while in the custody of the deputy marshal, with leave of the court to visit his house and examine some papers, he made his escape and fled from the jurisdiction of the court. The next day thereafter'the United States marshal for the District of Columbia offered a reward of §500 for his apprehension and delivery. Soon thereafter the Attorney-General supplemented that reward by offering $500 additional regard.
Various efforts were thereafter made to arrest Howgate, and to that end the Attorney-General of the United States addressed the following letter to the Secretary of War:
“Department op Justice,
“ Washington, D. O., December? &£, 188A
‘ ‘ Hon. Bobert T. Lincoln,

“>Secretary of War.

“My Dear Sir: As requested 'in your letter of the 22d instant, I hereby offer and authorize the payment of a reward of one thousand (1,000) dollars to such party or parties as may arrest Henry W. Howgate, or who may furnish information leading to his capture.
“ Upon your suggestion that public notice of this reward would tend to embarrass your Department in the effort it is now making to arrest the fugitive, and that for the present, at least, notice thereof may be confined to those entrusted in a private, manner, I will not have this letter recorded at this time. But for the information of my successor and also for the protection of anyone who may earn the reward, 1 will, of course, have to record it before I retire from office.
“Very respectfully,
“Benjamin Harris Brewster,
‘ ‘ Attorney- General. ”
Thereafter, as set forth in the findings, various other efforts were made to locate and arrest Howgate, but were unsuccessful.
In June, 1893, the Secretary of the Department'of Agriculture inquired of the claimant, who was then Chief of the Secret Service Bureau of the Treasury Deparment, if he could not *372 locate and arrest Howgate, and in tbe conversation stated, as set forth in the findings, that he believed the Government-had offered a reward of $5,000 for his arrest and conviction,,.
The claimant at once became active and alert, acting- from time to time on suggestions made by said Secretary, until he left the service of the Government in March, 1894, and opened an office in New York City as a private detective.
In June thereafter, in consequence of sundry letters from said Secretary, extracts from which are set out in the findings, the claimant renewed his efforts to “locate” Howgate, and finally did so, and came to Washington and consulted with the United States district attorney, at whose request a bench warrant was issued by the court and placed in the hands of the claimant, together with certified copies of indictments, and he at once returned to New York, and within a few days thereafter arrested Howgate and brought him to Washington and delivered him to the United States marshal for the District of Columbia.
He was subsequently tried and convicted on two indictments, and on July 2, 1895, he was sentenced to imprisonment at hard labor in the penitentiary at Albany, N. Y., for eight years.
The defendant’s contention is (1) that the claimant had no knowledge of- the reward of $1,000 offered by the Attorney-General, and (2) that the offer so made was revoked by lapse of time before the arrest was made.
The first ground of contention, even if essential to a recovery, is met, we think, by the findings of fact in the claimant’s favor, and little need be said in reference thereto.
The purpose of a reward is, of course, to stimulate persons to make arrests, and while knowledge thereof is essential to effect that purpose, still if the offer be a general pi-omise to anyone, made by a public officer with authority, as in the case at bar, the motives of the person who makes such arrest can not be inquired into. The arrest itself is conclusive of the motives which prompted it.
Williams v. Carwardine (4 Barn. and Adolph, 621); The Auditor v. Ballard (9 Bush (Ky.), 572); Dawkins v. Sappington (26 Ind., 199).
There are some authorities holding that knowledge of a *373 «reward offered is essential to a recovery, but we think tbe " weight of authority is as we have stated it- especially where _ the reward has been offered by a public officer with authority, \s in the'casé'it bar. " .
As to the second ground of contention, we think the result of the arrest effected by the claimant is a sufficient answer thereto. ' ■
The arrest, it is true, was not made until nearly ten years after the offer of the reward, but for more than two years prior to such offer Howgate had been and then was a fugitive from justice, previous rewards offered having failed of their purpose.
After the arrest of Howgate, and certainly after he was delivered into the custody of the marshal of the District of Columbia, the claimant had dqne all that was required to entitle him to the reward, if the offer still held good.
Howgate was under sundry indictments at the time he ’ made his escape and fled froin the jurisdiction of the court, but he appears not to have been tried on any of those indictments; but instead he was reindicted, notwithstanding his absence of twelve years, and was tried and convicted on two of the indictments so returned against him after his arrest by the claimant.
His long absence, therefore, does not appear to im e militated against his conviction, and we can conceive oí no valid j reason why it should against the claimant’s 'right to recover ; the reward offered for his arrest.
The purpose of the reward was to secure his arrest, to the end that he might be tried and jurfiee meted out to him; that has been accomplished through the efforts of the claimant as effectively as though nr had made the arrest the day the reward was offered.
The cause of action did not accrue until the arrest was made, and in the meantime the offer of the reward had not been withdrawn.
Shall the claimant be denied a recovery on the ground that the offer ceased to b* ^alid after a reasonable time? If so, upon what basin or theory shall such reasonable time be ascertained? If the prosecution of the accused had been barred by the statute at the time of the arrest, then of course *374 there could be no question but that such offer would have ceased therewith {In re Kelly, 39 Conn., 159); but such was not the case, for he was under indictment when he made his escape, and besides, under Revised Statutes, section 1045, the period of absence of those “fleeing from justice” is excluded.
It was by reason of that section that the reindictment of Howgate was sustained, his absence while “fleeing from justice” being excluded. On appeal to the court of appeals of the District of Columbia his sentence was affirmed. (7 App. D. C., 217.)
The promise was general — i. e., “ to such party or parties as may arrest Henry W. Howgate, or who may furnish informa-, tion leading to his capture;” not to such party or parties as shall within a fixed time make such arrest, but to anyone who shall do so within the time provided by law for prosecuting such offender; and such, we think, is the reasonable construction of the language used in the offer made by the Attorney-General.
The arrest was made through the efforts of the claimant, stimulated by the promise made therefor, encouraged by the ^Secretary of theDepartment of Agriculture, and the accused wa,s tried, convicted, and sentenced, so that the offer of the reward accomplished the purpose for which it was made, and the claimant is therefore entitled to recover the amount so promised.
Judgment will therefore be rendered in his favor for $1,000.