## SULLIVAN V. PHILLIPS.

[No. 21,973. Filed June 20, 1912.]

1.* REWARDS. — *Public Offer.* — *Limitations.* — *Acceptance.*—Where defendant, while being examined as a witness in court as to some corporate books that were lost, offered a reward for their production, without limit as to time, any secret intent that he may have had to limit the offer to the time and place of the hearing will not relieve him of liability for its payment to a person thereafter producing the books. p. 166.

2. REWARDS.—*Revocation.*—The offer of a reward can be revoked only in the manner in which it was made, or in a manner that will give the revocation like publicity as that given to the offer. p. 166.

3. REWARDS.—*Knowledge of Offer.*—*Right of Claimant.*—It is not essential to the right to recover a reward that the claimant should know of its offer at the time of finding and returning that for which it was offered. p. 166.

From Boone Circuit Court; *Samuel R. Artman*, Judge.

Action by Florence R. Phillips against John E. Sullivan. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*William W. Spencer* and *Edwin W. Spencer,* for appellant.

*J. W. Noel,* for appellee.

MYERS, J.—This appeal is from a recovery for an alleged reward offered by appellant for the recovery of certain books.

The error relied on is in overruling the motion for a new trial, on the ground of the evidence not being sufficient to support the judgment.

Appellant had for a number of years been connected with a corporation as president, which was in the hands of a receiver, and a creditor had instituted an investigation into its affairs in court, during which certain books of the company, material to the inquiry then in hand, disappeared, under circumstances which led appellant to feel that he was under suspicion of having something to do with such disappearance. He employed one person to attempt to find them, and offered his attorney $100 if he should find them, and urged the latter to add to the offer, to any one who should find them. Appellant was placed on the witness-stand, and interrogated as to the disappearance of the books. He was much exercised, and deeply interested in clearing himself of any imputation in regard to their disappearance, and while on the witness-stand, detailed what he had done to find them. He was asked this question: "You never publicly gave notice of a reward for the discovery of the books?" He answered: "No, I will offer it now, if that is public enough." Some days later the books were found by appellee, who delivered them to appellant, and at his request appeared in court, and explained the circumstance of their finding. She did not at the time know of appellant's statement in court. Shortly before or after the books were delivered to appellant he sent appellee $5, and at the time she received it she did not know of the alleged offer of a reward. On learning of it, she requested payment of the balance, and on its refusal, brought this suit.

Appellant's position is that he only made the offer for the day and the time of the hearing, and that he was not interested in the books. The evidence, however, is, that it was not so much the actual presence of the books, in which appellant was interested, as in clearing himself from any imputation of responsibility for their disappearance. That being true, the position here taken is inconsistent with the conditions then existing. He did not limit the statement to that day in that hearing, for he was not interested in anything else, as he himself states, except to free himself of an unjust imputation, which he, at least, felt obtained, and therefore he was interested in finding the books, and not in the hearing itself.

Any secret intention he may have had will not be let in to show an intent different from that expressed. *Salbadore* v. *Crescent Mut. Ins. Co.* (1870), 22 La. Ann. 338; 24 Am. and Eng. Ency. Law (2d ed.) 946. See, also, *Board, etc.,* v. *Wood* (1872), 39 Ind. 345, 351.

The offer of a reward can be revoked only in the manner in which it was made, or in some other manner which will give the revocation like publicity as the offer. *Shuey* v. *United States* (1875), 92 U. S. 73, 23 L. Ed. 697; 9 Cyc. 289 and note 27.

It is immaterial under the rule in this State, that appellee did not know of the reward when she found and returned the books. *Dawkins* v. *Sappington* (1866), 26 Ind. 199; *Board, etc.,* v. *Wood, supra; Everman* v. *Hyman* (1901), 26 Ind. App. 165, 167, 28 N. E. 1022, 84 Am. St. 284, and cases cited; 24 Am. and Eng. Ency. Law (2d. ed.) 957; 34 Cyc. 1738 note 64.

The doctrine of these cases is approved, at least when the reward is offered in a public statute, in *Board, etc.,* v. *Davis* (1904), 162 Ind. 60, 62, 69 N. E. 680, 64 L. R. A. 780, 1 Ann. Cas. 282.

There is some analogy between a public statute, or an order spread upon the records of a court, and a public decla-

ration under the solemnity of an oath in a court. *Smith* v. *Vernon County* (1905), 188 Mo. 501, 87 S. W. 949, 107 Am. St. 324, 70 L. R. A. 59.

The evidence supports the finding and judgment, and the latter is affirmed.

Cox, C. J., did not participate in the decision in this cause.

NOTE.—Reported in 98 N. E. 868. See, also, under (1) 34 Cyc. 1737, 1738; (2) 34 Cyc. 1738; (3) 34 Cyc. 1751; 1 Ann. Cas. 285; 9 L. R. A. (N. S.) 1057. As to lost property and the right of the finder to reward, see 129 Am. St. 408.