## GLOVER v. DISTRICT OF COLUMBIA.
### No. 988.

Municipal Court of Appeals for the
District of Columbia

Argued Nov. 27, 1950.

Decided Jan. 5, 1951.

John G. Saul, Washington, D.C., for appellant.

Milton D. Korman, Asst. Corporation Counsel, Washington, D.C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D.C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

In this case Mary Glover sued the District of Columbia to recover a reward which had been offered through the Metropolitan Police Department for information leading to the arrest and conviction of the perpetrators of a homicide. She claimed to have given information to the police which led to the arrest and conviction of one Wheeler who was being sought in connection with the crime. The case was tried to a jury which found against her, and from the judgment which followed she brings this appeal. The appellee has moved to dismiss the appeal on the ground that the brief submitted by appellant violates the rules of this court in some six respects. There are some apparent violations of the rules, but no prejudice appears to have resulted to appellee and we therefore feel that we should decide the appeal on its merits.

This same plaintiff was previously here in an appeal against a private organization which had offered a reward in connection with the same crime. Glover v. Jewish War Veterans of United States, D.C. Mun.App., 68 A.2d 233. There we affirmed a judgment based on a directed verdict against her. Certain basic principles we laid down in that case are applicable here.

However, before discussing the substantive questions involved, we must examine a procedural issue raised by appellant. It relates to the fact that when this case was being tried on a prior occasion before another jury, the judge then presiding became ill and because of such illness ordered that the jury be discharged and that the case be tried de novo before another jury. This is what happened: The jury had sat in the case on five different days. The first time was May 5, 1950, when the opening statement of plaintiff's counsel was challenged by a motion for directed verdict. He was given leave to amend such opening statement, which he did. After defendant's opening statement was made, the jury was respited to the next jury day, May 9. On that day, plaintiff's case was put on in full and defendant moved for directed verdict. After extensive argument, counsel for plaintiff was given leave to reopen his case and about four o'clock that afternoon the case was again continued and the jury again respited to the next jury day, May 12. But on that day plaintiff's counsel could not be present and the jury was again excused until May 16. On May 16 defense counsel was engaged in the United States District Court and later that day the case was continued still another time to May 19. On the morning of May 19 the judge's clerk announced in open court that the judge was ill and unable to proceed with the case and that he had directed the clerk to declare a mistrial because the judge "had concluded that so much time had elapsed since the

790

commencement of the trial that jurors could not be expected to longer retain that which they had already heard in the case." Plaintiff filed a motion to recall the jurors and proceed with the case, and this motion was overruled. The case was thereafter tried in its entirety by another judge and a new jury with the result we have described.

We rule that the action of the first judge in ordering a mistrial did not amount to prejudicial error and is not shown to have been an abuse of discretion. 1 Probably it would have been better procedure for the judge, when taken ill, to arrange for another judge to sit in the case long enough to order a mistrial, thus providing judicial rather than merely clerical handling of the proceedings. But after all, it was not a formal hearing and no merits were heard or decided that morning. The decision was actually made by the judge himself; the act of the clerk was only ministerial. Nothing was done except to order the case tried anew before another jury panel. No doubt this was discommoding to all the parties; and we by no means approve the too ready continuance of cases already started or the award of trials de novo on slight or tenuous grounds. Such practice tends to impede the administration of justice and to leave litigants in an understandably resentful attitude. Here, however, because the judge was ill, and because of the other circumstances we have recited, and because plaintiff has not shown that she has suffered any legal injury, she is not entitled to a reversal. Even if we ordered a reversal we would only be giving her a new trial; and she has already had a full trial which went to jury verdict.

At the second trial there was evidence from which the jury could have found that plaintiff had no knowledge of the offer of reward when she informed the police as to the possible whereabouts of Wheeler. Based on that evidence the District asked and was given two instructions, over plaintiff's objection. 2 The first instruction was generally to the effect that rewards are governed by the law of contracts, that an offer of reward must be known to and accepted by the offeree according to the terms of the offer; that plaintiff could not recover unless the jury found that the terms of the reward allegedly offered by the District had been established and that the plaintiff knew of such terms prior to any action taken by her, and that she gave information to the police with the intention of accepting the offer. This instruction is generally in accord with our decision in Glover v. Jewish War Veterans, supra, and we approve it. In that case we ruled that "at least so far as private rewards are concerned, there can be no contract [and no right to the reward] unless the claimant when giving the desired information knew of the offer of the reward and acted with the intention of accepting such offer." Otherwise we said, "the claimant gives the information not in the expectation of receiving a reward but rather out of a sense of public duty or other motive unconnected with the reward."

We did not specifically include "governmental officers and agents" in the scope of our ruling because the question of their liability was not involved on that appeal. The issue is now before us and we meet it by deciding that the rule applies to governmental as well as private agencies (or individuals) under the circumstances of this case, and that one giving information leading to the arrest of a criminal without any knowledge that a reward had been offered for such information is not entitled to collect the reward.

We have again examined the state decisions expressing the minority view, to which decisions we referred in the first Glover case,3 and we find no reason to

1. Harrah v. Morgenthau, 67 App.D.C. 119, 89 F.2d 863; Taylor v. Yellow Cab Co., D.C.Mun.App., 31 A.2d 683; Etty v. Middleton, D.C.Mun.App., 62 A.2d 371.
2. Counsel for plaintiff now complains of another instruction (No. 3) but the rec-

ord shows that he consented thereto in the trial court.
3. Auditor v. Ballard, 9 Bush 572, 72 Ky. 572, 15 Am.Rep. 728. Also to the same general effect are Sullivan v. Phillips, 178 Ind. 164, 98 N.E. 868; Drummond

depart from or limit the rule we there announced.[4] We think that when rewards are offered by governmental agencies, no less than when offered by private organizations, the rules of contract law apply and a claimant is put to the necessity of showing that he knew of the offer and acted upon it. The principal cases holding otherwise, such as Smith v. State, 38 Nev. 477, 151 P. 512, L.R.A.1916A, 1276, rest on the theory that the right to the reward follows by operation of law when compliance with the provisions of a reward statute has been shown. This is not such a case. We note moreover that according to some of the testimony the only information plaintiff gave the police was as to where the suspect might have gone and that this information was not volunteered to the police but was elicited from her when three officers came to her home.

■■■■ Instruction No. 2, complained of here by appellant, was to the effect that even if the jury found that an offer had been made by defendant and that the terms thereof were known to plaintiff before she gave any information to the police, she still could not recover unless the jury found further that she volunteered her information to the police "without awaiting the extortion of that information from her by questioning by the police." The use of the word "extortion" was not proper for there was no evidence that the police had resorted to extortion to obtain any information from plaintiff. But there seems to be no reason why we should of our own motion consider this as a ground of error when it was not raised below or advanced as an argument here.[5] The record does not show that plaintiff objected to the instruction on that ground in the trial court, nor does she complain on that ground here. In her statement of errors the only criticism of the instruction is that it did not distinguish "between offers of reward made by private and/or governmental organizations." In her brief she argues along the same lines. What we have said concerning the first instruction disposes of this contention. Moreover, as has been held many times, a jury charge must be read as a whole.[6] As the Supreme Court ruled long ago, a judgment should not be set aside merely "because the charge of the court may be open to some verbal criticisms, in particulars considered apart by themselves, which could not when taken with the rest of the charge have misled a jury of ordinary intelligence." Chicago, etc., R. Co. v. Whitton, 13 Wall. 270, 80 U.S. 270, 20 L.Ed. 571, 578. Despite her burden of affirmatively establishing error[7] appellant has not included in the record the judge's charge to the jury or enough of the charge to enable us to judge whether there was a fair and complete presentation of the issues to the jury. Hence in any view of the matter we cannot say that there was error with reference to instruction No. 2.

■■■■ There is also assigned as error the refusal of the trial judge to admit in evidence the transcribed testimony given at the earlier trial by one Colia Jones, a brother of plaintiff, who was also a witness for her on the second trial. This transcript was offered by plaintiff's counsel to refresh the witness' recollection and to test his credibility. It was excluded. Plaintiff's counsel then moved for leave to cross-examine on the ground "that his own witness had become hostile." The court then requested counsel to lay the proper foundation and, when counsel refused to lay such foundation, denied the request. Under D.

v. United States, 35 Ct.Cl. 356; Choice v. Dallas, Tex.Civ.App., 210 S.W. 753; Drummond v. United States, 1900, 35 Ct.Cl. 356 is not really authority to the contrary. Though the court there said that prior knowledge was not essential such statement was dictum, for the court had found as a fact that the claimant knew of the reward before giving the information.

4. See 53 A.L.R. 542, et seq.

5. See Barnes v. Wheeler, Inc., D.C.Mun. App., 55 A.2d 83.

6. Reese v. Wells, D.C.Mun.App., 73 A.2d 899, and cases there cited.

7. Packard et al. v. United States, D.C. Mun.App., 77 A.2d 19, and cases there cited.

▬ ▬▬▬▬▬▬

C.Code 1940, 14—104, a party may in the discretion of the court be allowed to prove, for the purpose of affecting the credibility of a witness, that the witness has previously made statements "substantially variant from his sworn testimony about material facts in the cause". But the section goes on to prescribe that before such proof can be given the circumstances of the supposed statement must be mentioned to the witness and he must be asked whether he made such statement and be given an opportunity to explain it. Here, despite the judge's invitation to do so, counsel failed to follow such procedure and failed to lay any such foundation, but apparently proceeded on the theory that the transcript in the first trial was automatically admissible in the second one. Such is not the law.[8]

▬▬▬ Finally we consider another question of evidence. Appellant failed to prove that Wheeler, the subject of the reward, had ever been convicted of the homicide in question; and this was of course an essential part of her case. When it was made the subject of defendant's motion for a directed verdict, plaintiff asked leave to reopen the case. She offered to prove Wheeler's conviction not by a record or by any other direct testimony but by her own testimony based on her own memory "or by reference [to] an alleged transcript of testimony" at the first trial, that a police captain had testified at that trial that Wheeler had been convicted of the crime. The judge refused to reopen the case for that purpose and also refused to reopen the case to permit the stenographic reporter to testify from his notes to the same effect. Both of these offers were pure hearsay and were rightfully excluded.

Our examination of the transcript in the light of other errors assigned satisfies us that there is no merit to any of plaintiff's contentions.

Affirmed.

8. See Smith v. U. S., 57 App.D.C. 71, 17 F.2d 223, 224; Byrd v. District of Columbia, D.C. Mun.App., 43 A.2d 46.